RECEIVED

FEB 2 1 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DAVID MANES | CIVIL ACTION NO. 13-2753 |
| VERSUS | JUDGE DOHERTY |
| WARDEN, LOUISIANA STATE POLICE BARRACKS | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before this Court is a "Report and Recommendation" issued by Magistrate Judge Hanna, in which the magistrate judge recommends dismissal with prejudice of the petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 as time-barred by the provisions of 28 U.S.C. §2244(d). Petitioner David Manes has filed an Objection [Doc. 12] to the magistrate judge's Report and Recommendation.

For the following reasons, this Court ADOPTS AND AFFIRMS Magistrate Judge Hanna's Recommendation. The instant case is DISMISSED WITH PREJUDICE for the reasons stated in the magistrate judge's Report, as well as for the reasons stated herein.

The crux of the petitioner's Objection is that his *habeas* petition should not be dismissed as time-barred under 28 U.S.C. 2244(d)(1)(D), which provides the one-year limitations period within which to file a §2254 habeas petition commences on "... the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner argues the factual predicate of his claim – that he was misinformed by his attorneys concerning his eligibility for parole – was discovered upon his receipt of the June 16, 2006 Memo of J. Babel of the Louisiana State Penitentiary Records Office, and not upon receipt of petitioner's

Master Service Record on September 1, 2005, which showed a parole eligibility date that was different from what he had been told by his attorneys, as found by the magistrate judge.

The argument contained within the instant Objection was also argued to – and rejected by – the magistrate judge. With respect to this argument, the magistrate judge explained:

> The **FACTUAL** basis of Manes's claims is that he was misinformed by his attorneys concerning his eligibility for parole. By his own admission, on September 1, 2005 he received his master service record which indicated that his parole eligibility date "was different than what he had been told by his attorneys at his sentencing." [Doc. 6-1, pp. 2-3] The master service record received on September 1, 2005 clearly and unambiguously alerted Manes to fact that he would not be parole eligible within 20 years. Further, the facts alleged clearly establish that Manes was aware of the factual basis for his claims during the period of time that his first application for post-conviction relief was being prepared by inmate counsel. By his own admission, during the period prior to February 16, 2006, he "... asked Inmate Counsel to include the issue concerning his parole eligibility in the post conviction relief application, but Inmate Counsel believed it was not an issue because Manes was parole eligible." [Doc. 6-1, p. 4]
>
> Thus, contrary to his assertions, the available evidence establishes that he was (or should have been) aware of the factual basis of his claim on September 1, 2005 when he obtained a copy of his master service record which indicated that his parole eligibility date "was different than what he had been told by his attorneys at his sentencing."[1]

In his Objection, the petitioner argues there are two conflicting parole eligibility statutes that apply to him, and the foregoing statutes are conflicting.[2] Thus, the petitioner argues his attorneys' mistake concerning eligibility for parole could only have been realized when the Department of Corrections took a position on the matter in its June 16, 2006 memo. However, the foregoing argument is not persuasive in light of the express language of 28 U.S.C. §2244(d)(1)(D), which

---

[1] *See* Report and Recommendation, Doc. 10, at pp. 7-8.

[2] Specifically, petitioner argues La. Rev. Stat. 15:574.4(A)(3) and La. Rev. Stat. 15:574.4(B) are conflicting.

2

provides the one-year limitations period within which to file a §2254 habeas petition commences on ". . . the date on which the factual predicate of the claim or claims presented ***could have been discovered*** through the exercise of due diligence," not the date on which issues related to the factual predicate are ***resolved***. Because this Court agrees with the magistrate judge that the petitioner was aware of a possible discrepancy in his parole eligibility date on September 10, 2005 – notwithstanding the fact that questions about the possible discrepancy were not answered until June 16, 2006 – this Court concludes the petitioner's *habeas* petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(D), and for the additional reasons set forth in the magistrate judge's Report and Recommendation.

Considering the foregoing,

IT IS ORDERED that the petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 filed by David Manes is DISMISSED WITH PREJUDICE as time-barred pursuant to the provisions of 28 U.S.C. §2244(d)(1)(D), and for the additional reasons set forth in the magistrate judge's Report and Recommendation.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 20 day of February, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE